## HARRINGTON AND CANNON v. HUGHES.

Where one-third of a lot of land was devised by a husband to his wife for life in lieu of dower, and after his death his daughter purchased the lot subject to the life estate of her mother, and then died leaving a will duly executed, by which she directed her executors to lease all her real estate, not before devised, and out of the rents to pay her mother, and several other persons, annuities for life; held, that the mother was entitled to both the annuity and the life estate in one-third of the lot.

*Aliter*, if the daughter had directed the annuity to be paid out of the rents of the whole lot.

August 4th.

[*570]

CHRISTOPHER HUGHES died seized in fee of lot No. 16 in Rose street, in the city of New York. By his will, made in 1807, he gave to his wife, the defendant, certain personal *property, and one-third of this lot, for life in lieu of dower. The residue of his property he devised to his executors in trust. His daughter Maria H. Williamson

purchased the lot from the executors, and took a convey-
ance of the same subject to the life estate of her mother in
one-third of the premises.  She built upon the lot, and the
mother resided with her daughter thereon until the death
of the latter in 1824.   M. H. Williamson, by her will, after
disposing of parts of her property specifically, directed the
complainants her executors, to lease all her real estate not
before devised, and out of the rents to pay her mother,
and several other persons, specific annuities for life.   The
defendant after the death of her daughter received the an-
nuity under the will, and also claimed her life estate in the
one-third of the lot in Rose street, under the will of Chris-
topher Hughes.   The complainants filed this bill to compel
the defendant to elect which she would take, the annuity
or the life estate; insisting that she was not entitled to
both.

*E. Morrell* for the complainants:—The whole of the
house and lot is by the will of Maria H. Williamson the
daughter devised to the executors, and constitutes a part of
the fund out of which the defendant is to receive her an-
nuity.   The defendant for four years acquiesced in the pro-
visions of the will and received the annuity, without pre-
ferring her claim for dower.   It is well settled that a
devisee cannot take advantage of one part of a will and
reject another, when both parts relate to the same devise.
If he will take advantage of the will, he must take entirely
and not partially under it.   There is always a tacit condi-
tion annexed to all devises of this nature, that the devisee
shall not disturb the disposition which the devisor has
made.  (*Streatfield* v. *Streatfield*, Ca. T. Talbot, 176, per
Ld. Ch. Talbot.)   Where there is a claim upon a man's
estate independent of him, and a claim upon the same un-
der his will, the conclusion in equity is, that the devisee
must abandon his original title or waive his title by the
devise in the will.  (*Noys* v. *Mordaunt*, 2 Vern. 581.)
These principles apply to this case, and establish that the

defendant cannot claim both her dower and the annuity. The one or the other must be abandoned by her.

*W. W. McClelan* for the defendant:—The defendant is not put to her election in this case. The devise in the will of Christopher Hughes is nothing more than her dower. She is entitled to the same rights as if she claimed the devise as her dower at law. A widow is not put to her election, unless it is so expressed in the will. The estate of the defendant in the house and lot in question vested in her long before the death of her daughter. In this estate, the daughter had no interest and claimed no right whatever. It has been ruled where a testator whose estate was in settlement devised the whole in general words, that this was not a sufficient indication of the intention of the testator to dispose of that over which he had not power to do, so as to put the devisee to his election. (*Forrester* v. *Cotten*, M. 1760, 1 Eden, 532; *Forrester* v. *Cotten*, Ambler, 388.) And where a testator devised an estate to one which he had no right to do, and also gave him a life interest in other estates, it was held that the devisee could claim the first estate under an old entail, and was not put to his election. (*Cull* v. *Shotwell*, T. R. 773, 727; *Forrester* v. *Cotton*, Ambler, 388; *Pulteney* v. *Darlington*, 1 Brown C. R. 223; *Hearle* v. *Greenbank*, 3 Atk. 695; *Hearle* v. *Greenbank*, 1 Ves. sen. 298; *Graves* v. *Boyl*, 1 Atk. 509.) A devisee is only put to his election where it is so expressed in the will, or where unless he elects the devise will be disturbed *in toto*.

THE CHANCELLOR:—This is not a case where the defendant can be called upon to elect, as she is clearly entitled, both to the annuity and to her life estate in one-third of the lot in Rose street. There is nothing in the will of the daughter inconsistent with this claim. She bought the lot subject to the life estate of her mother; and at the time she made her will, she knew that estate still existed. She

does not direct her executors to rent the Rose street lot to raise the annuities; but directs all her real estate not before devised to be rented for that purpose. This includes all her interest in the Rose street lot, and nothing more; and that is only two-thirds of the lot during the life of her mother. If she had directed the annuity to be paid out of the rents of *the whole lot specifically, the case would have been different. (*Brown* v. *Rickets*, 3 John. Ch. R. 553.) The complainants' bill must be dismissed with costs.